UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**PRIORITY SEND**

S.CANNED

### CIVIL MINUTES -- GENERAL

Case No.   **CV 04-7456-JFW (CTx)**                    Date:  January 25, 2005

Title:   ALTNET, INC., et al. -v- RECORDING INDUSTRY ASSOCIATION OF AMERICA, et al.

---

**DOCKET ENTRY**

---

PRESENT:

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                          None Present
Courtroom Deputy                        Court Reporter


ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
              None                                       None

PROCEEDINGS (IN CHAMBERS):       ORDER DENYING DEFENDANT RIAA'S MOTION TO
                                 DISMISS FIRST AMENDED COMPLAINT [filed
                                 12/13/04];

                                 ORDER DENYING LOUDEYE'S AND OVERPEER'S
                                 MOTION TO DISMISS THE FIRST AMENDED
                                 COMPLAINT FOR FAILURE TO STATE A CLAIM OR, IN
                                 THE ALTERNATIVE, FOR A MORE DEFINITE
                                 STATEMENT [filed 12/13/04];



                                 ORDER DENYING DEFENDANT MEDIASENTRY,
                                 INC.'S MOTION TO DISMISS FIRST AMENDED
                                 COMPLAINT [filed 12/13/04];

                                 ORDER LIFTING STAY OF DISCOVERY

On December 13, 2004, Defendant Recording Industry Association of America ("RIAA")
filed a Motion to Dismiss First Amended Complaint.  On December 13, 2004, Defendants
Overpeer, Inc. ("Overpeer"), and Loudeye Corp. ("Loudeye") filed a Motion to Dismiss the First
Amended Complaint for Failure to State a Claim or, in the Alternative, for a More Definite
Statement.  On December 13, 2004, Defendant MediaSentry, Inc. ("MediaSentry") filed a Motion to
Dismiss First Amended Complaint.  On January 10, 2005, Plaintiffs Altnet, Inc., Brilliant Digital
Entertainment, Inc. and Kinetech, Inc. (collectively "Plaintiffs") filed their Consolidated Opposition
to Defendants' Motions to Dismiss First Amended Complaint or, in the Alternative, for a More

Initials of Deputy Clerk _sr_

Definite Statement.  On January 14, 2005, RIAA, Overpeer and Loudeye, and MediaSentry (collectively "Defendants") filed their Replies.

The Court found the above matters appropriate for submission on the papers without oral argument.  *See* Local Rule 7-15 (the Court may dispense with oral argument on any matter unless otherwise required); Fed. R. Civ. P. 78.  The matters were, therefore, removed from the Court's January 24, 2005 hearing calendar and the parties were given advance telephonic notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Accordingly, "[a] Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (*citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).  Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

Although Defendants' arguments in support of their Motions to Dismiss are persuasive and the Court is reluctant to allow Plaintiffs to proceed with the claims for relief alleged in their First Amended Complaint, in light of the very lenient standard governing motions to dismiss under Rule 12(b)(6), the Court finds that Plaintiffs have adequately plead their claims and that the issues raised by Defendants' Motions are more appropriately resolved by motions for summary judgment.  As set forth in the Court's Scheduling and Case Management Order ("SCMO"), "[p]arties need not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment."  SCMO at 11.

Accordingly, Defendant Recording Industry Association of America's Motion to Dismiss First Amended Complaint is **DENIED**.  Defendants Overpeer, Inc. and Loudeye Corp.'s Motion to Dismiss the First Amended Complaint for Failure to State a Claim or, in the Alternative, for a More Definite Statement is **DENIED**.  Defendant MediaSentry, Inc.'s Motion to Dismiss First Amended Complaint is **DENIED**.

Defendants shall file their Answers to Plaintiffs' First Amended Complaint within 10 days of the date of this Order.

During the Scheduling Conference on November 22, 2004, Plaintiffs' Counsel represented to the Court that Plaintiffs would "expeditiously" prepare and provide Defendants with a claim construction chart.  If Plaintiffs have already provided Defendants with such a claim construction

chart, Plaintiffs shall file that chart with the Court on or before January 31, 2005.

In the event that Plaintiffs have not yet prepared and/or provided Defendants with a claim construction chart, Plaintiffs shall serve on all parties and file with the Court a "Disclosure of Asserted Claims and Preliminary Infringement Contentions" on or before January 31, 2005.[1] Separately for each Defendant, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

(a)    Each claim of each patent in suit that is allegedly infringed by each Defendant;

(b)    Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each Defendant of which Plaintiffs are aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)    A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that Plaintiffs contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; and

(d)    Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

The Court lifts the stay of discovery which the Court imposed in its Order dated January 21, 2005.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

[1] In a letter dated December 20, 2004, Counsel for RIAA explicitly requested, *inter alia*, a copy of the claim construction chart that Plaintiffs represented to the Court that they would be "pleased" to "expeditiously" provide to Defendants. *See* Ex. F to Declaration of Gail J. Standish. Because Plaintiffs ignored this issue in their December 22, 2004 letter in response to RIAA, the Court concludes that, despite their representation more than two months ago, they have no immediate intention of providing such a claim chart to Defendants without a deadline set by the Court.

Initials of Deputy Clerk _sr_