UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.   **CV 04-7456-JFW (CTx)**                          Date: June 7, 2006

Title:   ALTNET, INC., et al. -v- RECORDING INDUSTRY ASSOCIATION OF AMERICA, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                              None Present
Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:
None                                        None

PROCEEDINGS (IN CHAMBERS):    ORDER DENYING DEFENDANTS' MOTION FOR
                              PARTIAL SUMMARY JUDGMENT BASED ON IMPLIED
                              LICENSE OR, IN THE ALTERNATIVE, BASED ON
                              PATENT MISUSE AND UNCLEAN HANDS
                              [filed 4/25/06; Docket No. 190];

                              ORDER DENYING DEFENDANT RECORDING
                              INDUSTRY ASSOCIATION OF AMERICA'S MOTION
                              FOR PARTIAL SUMMARY JUDGMENT ON
                              PLAINTIFFS' CLAIMS FOR PATENT INFRINGEMENT
                              AND INDUCING PATENT INFRINGEMENT
                              [filed 4/25/06; Docket No. 189];

                              ORDER DENYING PLAINTIFFS' MOTION PURSUANT
                              TO FED. R. CIV. P. 56(f) TO DISMISS DEFENDANTS'
                              MOTIONS FOR SUMMARY JUDGMENT OR,
                              ALTERNATIVELY, CONTINUE DEFENDANTS'
                              MOTIONS PENDING COMPLETION OF ADDITIONAL
                              DISCOVERY [filed 5/10/06; Docket No. 194]



On April 25, 2006, Defendants Recording Industry Association of America and MediaSentry, Inc. (collectively "Defendants") filed a Motion for Partial Summary Judgment Based on Implied License or, in the Alternative, Based on Patent Misuse and Unclean Hands. On May 12, 2006, Plaintiffs Altnet, Inc., Brilliant Digital Entertainment, Inc. and Kinetech, Inc. (collectively "Plaintiffs") filed their Opposition. On June 5, 2006, Defendants filed a Reply.

On April 25, 2005, Defendant Recording Industry Association of America ("RIAA") filed a Motion for Partial Summary Judgment on Plaintiffs' Claims for Patent Infringement and Inducing Patent Infringement. On May 12, 2006, Plaintiffs filed their Opposition. On June 5, 2006, RIAA filed a Reply.

On May 10, 2006, Plaintiffs filed a Motion Pursuant to Fed. R. Civ. P. 56(f) to Dismiss Defendants' Motions for Summary Judgment or, Alternatively, Continue Defendants' Motions Pending Completion of Additional Discovery. On June 1, 2006, Defendants filed their Opposition. On June 5, 2006, Plaintiffs filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for June 12, 2006 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. The Court must assume the truth of direct evidence set forth by the opposing party. See Hanon v. Dataproducts Corp. 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. See Anderson, 477 U.S. at 249-50; TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631-32 (9th Cir. 1987). In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997).

Upon review of the papers and evidence submitted by the parties, the Court finds that there are genuine issues of material fact which preclude the Court from granting summary judgment on Defendants' Motion for Partial Summary Judgment Based on Implied License or, in the Alternative, Based on Patent Misuse and Unclean Hands. Accordingly, Defendants' Motion for Partial Summary Judgment is **DENIED**.

With respect to Defendant RIAA's Motion for Partial Summary Judgment on Plaintiffs' Claims for Patent Infringement and Inducing Patent Infringement, the Court finds that RIAA's Motion is premature in light of the pending discovery dispute relating to disclosure of information regarding the relationship between RIAA and MediaSentry. Accordingly, Defendant RIAA's Motion for Partial Summary Judgment on Plaintiffs' Claims for Patent Infringement and Inducing Patent Infringement is **DENIED without prejudice** to re-filing after the discovery dispute has been resolved.

Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(f) to Dismiss Defendants' Motions for Summary Judgment or, Alternatively, Continue Defendants' Motions Pending Completion of Additional Discovery is **DENIED as moot**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.